IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through San Francisco City Attorney Dennis J. Herrera,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTIN R. GUAJARDO, CHRISTOPHER STENDER, and IMMIGRATION PRACTICE GROUP, P.C.,<br><br>    Defendants.<br>_____ / | No. C 10-05658 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT AND ORDER TO GIVE NOTICE TO AGENCIES REGULATING IMMIGRATION LAWYERS** |

## INTRODUCTION

In this suit by the State of California against two individuals and a law corporation, plaintiff moves to remand. Defendants argue that the complaint raises substantial and disputed federal issues to create federal question jurisdiction and that federal law preempts the application of state law in this action. This order disagrees. Plaintiff's motion is **GRANTED**. Because this proceeding raises serious questions that immigration lawyers are defrauding the public, a copy of this order will be sent to appropriate professional regulatory agencies.

## STATEMENT

The State of California, represented by San Francisco City Attorney Dennis Herrera, filed this action under Section 17200 of the California Business and Professions Code in state court. Defendant Martin Guajardo is a former immigration attorney who is no longer eligible to practice. Defendant Christopher Stender is an attorney in New York and Connecticut (and not

1   California), but who allegedly lives and works in California. Defendant Immigration Practice
2   Group, P.C., is a law corporation located in San Francisco.

3   Plaintiff alleges that defendants have been engaged in a fraud on California's immigrant
4   community. The complaint states that for more than thirty years, defendant Guajardo was a
5   licensed California attorney who charged his clients exorbitant fees, made extravagant false
6   promises about the relief he could obtain for them, and assured them that he had connections in
7   the government, but ultimately did little work, substandard work, or no work at all on their
8   cases. Guajardo's lack of diligence resulted in prejudicial immigration court rulings against
9   many of his clients, including deportation orders, while his exorbitant fees left them thousands
10  of dollars poorer (Compl. ¶¶ 3, 13). In 2007, Guajardo resigned from the bar of the court of
11  appeals for the Ninth Circuit with disciplinary charges pending. The Executive Office of
12  Immigration Review suspended Guajardo from practicing in immigration court in 2008. In the
13  face of pending disciplinary charges and likely imminent disbarment, he resigned from the
14  California State Bar in 2008 (Compl. ¶¶ 7, 19, 26, 36).

15  Yet, according to the complaint, rather than cease practicing law and defrauding his
16  clients, Guajardo set up a scheme with the assistance of defendant Stender to continue his
17  fraudulent practice. The day before he tendered his resignation to the California State Bar,
18  Guajardo changed the name of his law firm from "Martin Resendez Guajardo, P.C." to
19  "Immigration Practice Group, P.C." and appointed Stender as the firm's sole director and Chief
20  Executive Officer. Immigration Practice Group, P.C. is a certified professional law corporation
21  under California law (Compl. ¶¶ 4, 23–24). Via this new law corporation, Guajardo has
22  allegedly continued to meet with clients and engage in the same practices that led to his
23  resignation. Stender has assisted Guajardo, for example by signing documents and appearing in
24  court on Guajardo's behalf. Among other things, defendants have ignored their obligations to
25  inform Guajardo's clients that their "attorney" is not licensed to practice law (Compl. ¶¶
26  27–40).

27  The complaint contains one claim for relief, brought under California Business and
28  Professions Code Section 17200, for "unlawful, unfair, or fraudulent business acts or practices"

by defendants. That claim, in turn, is based on underlying alleged violations of both state and federal law governing legal practice. Specifically, plaintiff alleges that defendants have violated the following state laws: Civil Code Section 1632(b)(6), Business and Professions Code Sections 6125, 6126, 6132, 6133, 6148, 6180, 6180.1, and 22442.2(c)(3), Rules of Professional Conduct 1-300(A), 1-311, 1-320(A), 2-200(A), and 3-700(D)(2), Rule of Court 9.20, Corporations Code Section 13408.5, and Penal Code Section 653.55. As one of the "unlawful" practices asserted in the Section 17200 claim, plaintiff alleges that defendants have violated Title 8, Section 1003.102, subsections (f) and (m) of the Code of Federal Regulations. Plaintiff requests assessment of civil penalties, an injunction prohibiting defendants from continuing their unlawful and unfair activities, disgorgement of all profits, restitution, and an award of costs and fees.

Plaintiff also moved for a preliminary injunction against defendants (White Decl. Exh. C). On November 22, 2010, the state court issued an order to show cause why a preliminary injunction should not issue. By its terms the order expired if plaintiff did not serve defendants with the order and all moving papers by December 6. The parties dispute whether defendants were served. A hearing on the order to show cause was set for December 21, 2010. The order also set a briefing schedule, and defendants' opposition was due on December 14 (White Decl. Exh. D). Yet on that day defendants Stender and Immigration Practice Group removed the action here. Plaintiff promptly filed a motion to remand. The motion was briefed and heard on an expedited schedule pursuant to stipulation by the parties.

It appears that defendant Guajardo has not been served with the complaint. Although the notice of removal states that "[a]ll defendants consent to removal," defendant Guajardo has not appeared or opposed the motion to remand. Thus, references below to arguments by "defendants" are to the removing defendants and not to defendant Guajardo.[1]

---

[1] This order assumes for the sake of argument that the "all defendants" requirement was satisfied, because even with that assumption it finds no removal jurisdiction.

3

**ANALYSIS**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). The "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and all ambiguity is resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). In determining the presence or absence of federal jurisdiction, we apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

**A.   FEDERAL-QUESTION REMOVAL JURISDICTION**

Section 1441(b) provides that: "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." District courts have jurisdiction over civil cases arising under the Constitution, laws and treaties of the United States. 28 U.S.C. 1331. Federal question jurisdiction arises most obviously for rights of action conferred by a federal statute or constitutional provision. When the complaint is based on state law but rests on a federal question in the claim itself (rather than as a defense), the action is removable to federal court if it meets certain conditions: (1) the complaint must raise a stated federal legal issue, (2) determination of the federal issue must be necessary to resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal issue must be substantial, and (5) the federal court must be able to entertain the claim "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The *Grable & Sons* requirements are not met here. The complaint in this matter alleges no claim under federal law. Rather, the law creating plaintiff's claim is state law, namely Section 17200 of the California Business and Professions Code. The question is whether the

4

1  presence of a federal sub-issue in a state-created claim under Section 17200 affords federal
2  removal jurisdiction.
3  　　　　Fatal to defendants' argument, however, is the fact that plaintiff has both pled and
4  intends to prove that its Section 17200 claim is supported by violations of state law as well.
5  Hence, whether or not plaintiff has asserted the Code of Federal Regulations as a basis for its
6  Section 17200 claim, determination of the federal issue will not be necessary to a finding of
7  liability under the state law at issue.  Indeed, a jury could find that defendants have violated
8  Section 17200 without finding that defendants have violated the Code of Federal Regulations.
9  Consequently, this order holds that plaintiff's claim does not arise under federal law and
10 removal was improper.
11 　　　　Defendants argue that they are not subject to any of the state code sections asserted in
12 the complaint and that therefore this case necessarily raises substantial federal issues because
13 the only underlying law that defendants could have violated is the Code of Federal Regulations.
14 At oral argument plaintiff's counsel conceded that — because Mr. Stender is not a member of
15 the California State Bar and only practices before federal immigration courts and agencies in
16 California — the state cannot regulate whether Mr. Stender can appear and practice law before
17 federal courts or federal agencies, and the question of who can practice before federal courts
18 and agencies is a matter of federal law.  This order assumes without deciding for the sake of
19 argument that this is so.
20 　　　　Yet the gravamen of the complaint is not to regulate the practice of law but rather is to
21 prevent a fraud upon the public.  There is a distinction for our purposes between trying to
22 regulate professional conduct, which plaintiff is not trying to do, and trying to prevent fraud on
23 the public, which plaintiff *is* trying to do.  The complaint bears this out.
24 　　　　*Benninghoff v. Superior Court*, 136 Cal. App. 4th 61 (2006), a decision relied upon
25 heavily by defendants, stands for the proposition that state courts cannot regulate federal
26 practice.  It states:
27 　　　　　As discussed *ante*, state law bars Benninghoff from practicing law in
   　　　　California . . . Benninghoff contends that state law cannot interfere with his
28 　　　　representation of federal prisoners seeking prison transfers from the U.S.
   　　　　Department of Justice.

5

> We must agree. . . . [S]tate law cannot restrict the right of federal courts and agencies to control who practices before them. . . . [A] state "may not deny to those failing to meet its own qualifications the right to perform the functions within the scope of the federal authority." . . . Thus, the court erred by assuming jurisdiction over Benninghoff's federal practice.

*Id.* at 74 (citations omitted). Yet *Benninghoff* does not state — nor does any other decision cited by defendants — that state courts cannot enjoin frauds on the public. Both sides agree that a federal immigration lawyer can be sued for malpractice in state court. This is analogous. Just as a state court may punish a lawyer for malpractice, it may enjoin a lawyer from perpetrating a fraud on the public and may do so regardless of the underlying subject matter of the practice.[2]

Plaintiff's claim does not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. As such, federal removal jurisdiction does not exist.

**B.   FEDERAL PREEMPTION**

Defendants argue in the alternative that federal jurisdiction exists because field preemption bars state courts from deciding this case which "raises [the] question [of] . . . who may practice before federal administrative agencies and federal courts" (Opp. 7). Defendants assert that field preemption requires the imposition of federal jurisdiction over this suit. They explain that field preemption exists when:

> [A] scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room to supplement it, because the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject, or because the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose.

---

[2] Moreover, even if, as it was said would be assumed, defendant Stender is not subject to state laws of professional conduct because he is not a member of the California State Bar, defendants do not offer convincing arguments that defendant Immigration Practice Group would not be subject to such state laws. California Business and Professions Code Section 6167 specifically states that "law corporation[s] . . . shall observe and be bound by such statutes, rules and regulations to the same extent as if specifically designated therein as a member of the State Bar." Also, defendants completely ignore the fact that there is another defendant — Martin Guajardo — who may be subject to such laws as well. But most importantly, the complaint does not solely seek to punish violations of professional conduct by defendants in their practice before federal courts and agencies. It seeks to vindicate unlawful, unfair, and fraudulent practices by defendants that have harmed the public on behalf of those whom defendants have harmed.

6

*Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 204 (1983) (citations and quotation marks omitted).

As an initial matter, an action is not removable to federal court on the basis of a federal defense. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983). Yet complete field preemption (as opposed to express or conflict preemption) is different, and allows for removal. "[I]f federal law completely preempts a state law claim and supplants it with a federal claim, the state law claim may be removed to federal court even if federal law fails to provide the plaintiff with remedies available under state law, or a federal defense completely bars the federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 998–99 (9th Cir. 1987) (citations omitted).

This order disagrees that any scheme of federal regulation implicated in the complaint is so pervasive as to establish complete preemption. Defendants essentially argue that state laws governing professional conduct cannot apply to attorneys and law corporations practicing immigration law, because federal law preempts such application. Our court of appeals has expressly held to the contrary. *See Gadda v. Ashcroft*, 377 F.3d 934, 946 (9th Cir. 2004) ("Gadda fails to show that federal regulation of attorneys before the immigration courts preempts state regulation of attorneys by express, field, or conflict preemption."). It is unclear why defendants cite *Gadda* to support their position, when it solely undermines it. Furthermore, the Third Circuit decision of *Surrick v. Killion*, 449 F.3d 520 (3d Cir. 2006), cited by defendants, merely held a specific state court decision preempted because it *conflicted* with federal law. It did not find complete field preemption. Complete preemption has not been shown here.

Yes, state court holdings concerning professional conduct under state law do not automatically pass for professional standards under federal law. *See, e.g.*, *Benninghoff*, 136 Cal. App. 4th at 74. But if the state courts can enjoin malpractice by federal practitioners — as has been conceded — then surely they can enjoin their frauds on the public without fear of complete preemption.

7

### C. REQUEST FOR JUDICIAL NOTICE

Defendants filed a request for judicial notice of the following:

(1) "The declaration of Joshua White filed in support of the plaintiff's ex parte application for a preliminary injunction, a true and correct copy of portions of which are attached to this request"; and

(2) "The fact that the spouse of the Honorable Peter. [sic] J. Busch, the state court judge who signed the ex parte order, is employed as a deputy City Attorney of the plaintiff, the San Francisco City Attorney."

Nothing was appended to defendants' request (Dkt. No. 25). FRE 201 states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Moreover, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

As to defendants' first request, it is unclear what defendants would judicially notice — The existence of the application? The fact that it was filed? The arguments in it? As to defendants' second request, they have provided no evidence of the stated fact and it is not a fact generally known. Defendants have not supplied necessary information for this Court to take judicial notice with regard to either statement, so their request is denied.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The Clerk shall remand this action to the Superior Court of California, County of San Francisco.

In addition, in light of the serious allegations of misconduct that are the heart of the complaint, the Clerk shall send a copy of this order to the following:

> Executive Office for Immigration Review
> Office of the General Counsel
> Attn: Bar Counsel
> 5107 Leesburg Pike, Suite 2600
> Falls Church, VA 22041

> United States Court of Appeals for the Ninth Circuit
> Attorney Admissions
> P.O. Box 193939
> San Francisco, CA 94119-3939

The State Bar of California
Intake Unit
1149 South Hill Street
Los Angeles, California 90015

**IT IS SO ORDERED.**

Dated: January 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE